Sutliff, J.
It appears from the record that the defendant has-had continuous adverse possession of the land of which recovery was sought for more than twenty-one years previous to the commencement of the suit. His claim of possession had been indicated ever since some time in 1827, by a fence defining the boundary of the premises. The possession is therefore shown to have been actual, adverse, and notorious on the part of the defendant for' more than a quarter of a century.
The statute of limitations of this state under which such possession was held provided as follows: “That all actions hereinafter mentioned shall be commenced within the several times hereinafter-limited and not after. First, actions of ejectment, or any other-action brought for the recovery of the title or possession of lands, tenements, or hereditaments ^within twenty-one years; pro- ' vided, that actions of forcible entry and detainer or forcible detainer only, shall not be commenced after two years from the time such right of action accrued.”
But it is urged by counsel for plaintiff that the court erred im not instructing the jury that the statute did not apply in this case,_ “ because the fee of the land was, prior to July 25,1853, in the State of Ohio, or in the United States,” and that the statute did not begin to run against the plaintiff until the date of his deed.
This action was one for the possession of land. The defendant’s-lease was a deed as operative to give the right of possession during' the term for which it extends and continues operative, as is the- *398 ■ deed of jdaintiff conveying a title in fee. It was the right of pos- ■ session only that was in issue between the parties.
Both plaintiff and defendant, previous to July 25,1853, held their possessions under similar leases; and their relative rights, under the •statute of limitations as existing on the 25th of July, 1853, could not be changed by any amendment of plaintiff’s lease, or by its renewal, or exchange for an absolute deed of conveyance in fee simple.
Nor do wo perceive any error in the-charge of the court in relation to the decree finding the sale of the land by McGaffick to Crusen void as against the complainants. In order to give any effect to that decree the plaintiff should have shown his right of posses.sion to have been derived and held under and by virtue of it, as ..against the defendant. And this is not shown by the record, nor pretended by counsel to be the fact.
We perceive no error in the record. The judgment of the court of common pleas must therefore be affirmed, and the petition in -error dismissed at plaintiff’s cost.

Judgment accordingly.

Scott, Peck, and Gholson, JJ., concurred.
Brinkerhoee, C. J., having formerly been of counsel, did not sit.